

ENTERED
07/20/2018

THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Koontz-Wagner Custom Control Holdings LLC, | § § § | Case No. 18-33815 |
| Debtor. | § § § | (Chapter 7) |

## ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN INVENTORY AND WORK IN PROCESS TO PETERSON POER SYSTEMS LLC

[Relating to ECF No. /2_]

The Court, having considered the *Trustee's Emergency Motion for Order Authorizing Sale of Certain Inventory and Work in Process to Peterson Power Systems LLC* (the "<u>Motion</u>"),[1] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing hereon has been given and no other or further notice is necessary; (e) The conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Goods free of any claims, liens or interests; (f) the sale of the Goods to Peterson represents an arm's length transaction and has been negotiated in good faith between the parties; (g) Peterson is a good faith purchaser of the Goods under Section 363(m) of the Bankruptcy Code; (h) movant has demonstrated that emergency relief is necessary to avoid loss to the Debtor's estate, and (i) good

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and sufficient cause exists for the granting of the relief requested. Therefore, it is **ORDERED** that:

1. ~~The Motion is granted and the sale of the Goods to Peterson is **APPROVED** in its entirety on the terms and subject to the conditions set forth in the Motion.~~

2. All objections and responses to the Motion that have not been overruled, waived, settled, continued, or resolved are hereby overruled and denied.

3. The Trustee is authorized to sell the Goods to Peterson for the sum of $776,326.00 (the "Purchase Price").

4. Of the Purchase Price, the Trustee shall deposit the sum of $179,332.00 (the "Estimated Completion Cost Holdback") into a segregated account of the Trustee. The Estimated Completion Cost Holdback shall not become property of the Debtor's estate unless and until ordered delivered to the Trustee as provided in paragraph 6 of this Order. No claims, liens or interests shall attach to the Estimated Completion Cost Holdback unless and until ordered to become property of the Debtor's estate as provided in paragraph 6 of this Order.

5. The sale of the Goods shall be a sale under Section 363 of the Bankruptcy Code, free and clear of all claims, liens and interests. Subject to Paragraph 4 of this Order, all claims, liens and interests in the July Delivery Generators shall attach to the net proceeds arising from the sale of the Goods with the same force, validity, effect, priority and enforceability as such claims, liens and interests had prior to the date of sale. Any issues regarding the extent, validity, perfection, priority and enforceability of such claims, liens and interest with respect to any net sale proceeds shall be determined by the Court upon proper application at a later date.

6. Following completion of the Fabrication Work on the July Delivery Generators, the Trustee, Peterson or any party in interest may file a motion with the Court to determine what,

if any, portion of the Estimated Completion Cost Holdback is property of the Debtor's estate. The Estimated Completion Cost Holdback (i) shall be property of the Debtor's estate in the amount by which the reasonable value of the Goods as of the date of this Order is determined by the Court to exceed the sum of $596,994.00; and (ii) shall be property of and be refunded by the Trustee to Peterson in the amount not determined to be property of the Debtor's estate as provided in clause (i). In any motion filed under this Paragraph, the Trustee shall bear the burden of proving the value of the Goods exceeds $596,994.00.

7. As additional consideration for the Purchase Price, the Trustee is authorized to waive any non-compete agreement or non-compete provision in any agreement between the Debtor and a third party that would limit such third party from completing the Fabrication Work with respect to the July Delivery Generators.

8. Peterson shall have the right to complete on its own behalf, or by use of one or more third parties, and shall have the right to use any plans and schematics (including shop drawings) to complete the Fabrication Work with respect to the July Delivery Generators.

9. Upon receipt by the Trustee of the Purchase Price, all of the estate's interest in the Goods shall be transferred to Peterson. This Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance and transfer of the Goods and/or a bill of sale transferring good and marketable, indefeasible title and interest in the Goods to Peterson. All governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order as such an assignment and/or bill of sale, and, if necessary, this Order shall be accepted for recordation on or after the closing of the sale as conclusive evidence of the free and clear, unencumbered transfer of title to the Goods conveyed to Peterson at the

closing. The Trustee is further authorized and directed to execute and deliver to Peterson such other and further documents as it may reasonably request to evidence the transfer.

10. Peterson is a good faith purchaser of the Goods under Section 363(m) of the Bankruptcy Code and, as such, is entitled to full protection of Section 363(m) of the Bankruptcy Code.

11. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal will not affect the validity of the transfer of the Goods to Peterson, as well as the transactions contemplated and/or authorized by this Order, unless the same is stayed pending appeal prior to the Closing on the sale of the Goods.

12. The Trustee may close on the sale of the Goods as soon as practicable after entry of this Order into the Court's docket.

13. This Order is a final order (as opposed to an interlocutory order) and is enforceable upon entry. To the extent necessary under Bankruptcy Rules 5003, 9014, 9021 and 9022, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein. In addition, as no unresolved objections to the Motion remained at the time of the hearing on the Motion, the Court orders that the fourteen-day automatic stay imposed by Bankruptcy Rules 6004(h) and 6006(d) does not apply. Accordingly, this Order is subject to immediate execution and fulfillment by the Trustee and Peterson.

14. The Trustee is authorized to take any actions reasonably necessary to effectuate the relief granted by this Order.

15. The Court retains jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

7-20-18

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

4