# **EXHIBIT 2**

JTS Asset Purchase Agreement

# PURCHASE AGREEMENT

**PARTIES:**

    RODNEY D. TOW, in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Koontz-Wagner Custom Controls Holdings, LLC, Case No. 18-33815, United States Bankruptcy Court for the Southern District of Texas ("**Seller**")

    JOHNSON THERMAL SYSTEMS, INC., an Idaho corporation ("**Purchaser**")

**RECITAL:**

    Purchaser desires to purchase from Seller, and Seller desires to sell to Purchaser, the Assets (as defined below) in accordance with the terms and conditions of this Purchase Agreement (this "**Agreement**").

**AGREEMENTS:**

    1.    SALE OF ASSETS. Purchaser agrees to purchase from Seller and Seller agrees to sell to Purchaser the following assets (the "**Assets**") in accordance with the terms of this Agreement:

    1.1    All structures, works in progress, raw materials, enclosures, partially completed enclosures and materials, partially completed tanks and materials, and loose materials of Koontz-Wagner Custom Controls Holdings, LLC (the "**Debtor**") related to its anticipated fabrication work on behalf of Peterson Power Systems, Inc., including without limitation the structures, works in progress, raw materials, enclosures, partially completed enclosures and materials, partially completed tanks and materials, and loose materials pictured on **Schedule 1** hereto (collectively, the "**Goods**"); and

    1.2    Underwriters' Laboratory Listing Nos. EFVT.MH26349, EELU.MH17604, EEEV.MH15690, QRXA.MH49030, NITW7.E2073416 (the "**UL Listings**").

    2.    NO ASSUMPTION OF LIABILITIES. Purchaser shall in no event assume, be bound by, or be responsible in any way for any liability or obligation of Seller or the Debtor. Seller shall retain full responsibility for all of its and the Debtor's liabilities and obligations, whether known or unknown, liquidated or unliquidated, contingent, fixed, accrued or disclosed, including any liabilities (a) with respect to employees or former employees of the Seller or the Debtor; (b) arising under the Worker Adjustment and Restraining Notification Act, 29 U.S.C. Section 2101 et seq.; (c) arising under the Consolidated Omnibus Budget Reconciliation Act, as amended (COBRA); (d) related to any claims for personal liability; and (e) for any claims, interest or liens in the Asset.

3.  PAYMENT TERMS.

3.1  Purchaser agrees to purchase and to pay $282,062.80 U.S. Dollars (the "**Purchase Price**") for the Assets, exclusive of shipping and handling charges and sales, use, excise, value added or similar taxes.

3.2  Payment shall be due within 48 hours of satisfaction of Purchaser Closing Conditions (as defined below).

4.  TITLE, RISK OF LOSS.  Title and risk of loss to the Assets shall pass to Purchaser upon receipt of the Assets by Purchaser at Debtor's facility in Caldwell, Idaho.

5.  CLOSING.  The consummation of the transactions contemplated under this Agreement (the "**Closing**") shall take place at the offices of the Seller, or at such other place mutually acceptable to the Seller and Purchaser, as promptly as practicable after satisfaction of the Purchaser Closing Conditions or at such other date and time as may be agreed to by the parties.

6.  CONDITIONS TO PURCHASER'S OBLIGATIONS.  The obligation of the Purchaser under this Agreement to deliver to Seller the Purchase Price shall be subject to the satisfaction (or waiver, in writing, by Purchaser) of each of the following conditions (the "**Purchaser Closing Conditions**"):

6.1  No material portion of the Assets shall have been damaged, destroyed or taken by condemnation;

6.2  The United States Bankruptcy Court for the Southern District of Texas shall have entered an order in form and substance acceptable to Purchaser (the "**Approval Order**") (i) authorizing Seller to enter into and perform its obligations under this Agreement; (ii) authorizing the sale of the Assets to Purchaser free and clear of all liens, claims and interests pursuant to Section 363 of the Bankruptcy Code; (iii) finding that Purchaser is a good faith purchaser of the Assets pursuant to Section 363(m) of the Bankruptcy Code; and (iv) waiving the automatic stay provided by Federal Rules of Bankruptcy Procedure 6004(h).

6.3  The Seller shall have executed and delivered to the Purchaser the following documents and instruments:

a.  A bill of sale duly executed by the trustee for the Goods, to be provided by the Purchaser;

b.  Such documents as reasonably required by Purchaser for the transfer of the UL Listings; and

c.  Such other documents, instruments or certificates as shall be reasonably requested by Purchaser.

7.  TERMINATION.  This Agreement may be terminated at any time before Closing by any of the following:

       7.1     Written agreement of the Seller and the Purchaser;

       7.2     The Purchaser Closing Conditions shall not have occurred before August 30, 2018;

       7.3     Any person shall appeal or seek the stay of the Approval Order;

       7.4     If any judicial, administrative or arbital action, suit or proceed shall have been commenced, the purpose of which is, or might result in, preventing the consummation of the sale of the Assets under this Agreement.

       8.     ENTIRE AGREEMENT.  This Agreement constitutes the complete agreement between the parties and supersedes all prior or contemporaneous agreements or representations, written or oral concerning the subject matter of this Agreement.  This Agreement may not be modified or amended except in writing signed by a duly authorized representative of each party.  No other act, document, usage or custom shall be deemed to amend or modify this Agreement.

       9.     NOTICES.  All notices required to be sent hereunder shall be in writing and shall be deemed to have been given upon (a) the date sent by email; (b) on the date it was delivered by courier; or (c) if by certified mail return receipt requested, on the date received, to the addresses set forth below and to the attention of the signatories of this Agreement and the cover sheet, or to such other address or individual as the parties may specify from time to time by written notice to the other party.  All notices shall be sent to the addresses set forth in this Agreement or any other address provided by a party to the other part in writing.

       10.     NO WAIVER.  A party's failure to enforce its rights or remedies upon learning of any default or violation of any terms of this Agreement shall not be construed as a waiver of any of such party's rights or remedies, or of the default or violation.

       11.     NO PRESUMPTION.  This Agreement shall be construed without regard to any presumption or rule requiring construction or interpretation against the party drafting it.

       12.     COUNTERPARTS.  This Agreement may be executed by electronic means and in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

13. GOVERNING LAW. The laws of the State of Idaho, other than those pertaining to conflicts of laws, shall exclusively apply to all aspects of the parties' relationship and dealings. Venue for any legal proceeding shall lie solely in the United States Bankruptcy Court for the Southern District of Texas, unless such court lacks jurisdiction, in which case venue shall lie solely in Ada County, Idaho. The terms of this provision shall survive beyond the termination of this Agreement.

DATED August ___, 2018.

| SELLER | PURCHASER |
|---|---|
| | JOHNSON THERMAL SYSTEMS, INC. |
| _____ | By: _____ |
| Rodney D. Tow, Chapter 7 Trustee for Koontz Wagner Custom Controls Holdings, LLC | Name:<br>Title: |

Page 4—PURCHASE AGREEMENT