THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| Koontz-Wagner Custom Control Holdings LLC, | § § § | Case No. 18-33815 |
| Debtor. | § § § | (Chapter 7) |

## ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN INVENTORY, WORK IN PROCESS AND UL LISTINGS

[Relating to ECF No. ___]

The Court, having considered the *Trustee's Emergency Motion for Order Authorizing Sale of Certain Inventory, Work in Process and UL Listings* (the "Motion")[1] any responses to the Motion, the statements of counsel, and the record in this case, and having held a hearing on the Motion, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion and hearing hereon has been given and no other or further notice is necessary; (e) one or more of the conditions of Section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Idaho WIP Assets free of any claims, liens or interests; (f) the Purchase Price for the Idaho WIP Assets represents the highest and best value; (g) the sale of the Idaho WIP Assets to JTS represents an arm's length transaction and has been negotiated in good faith between the parties; (h) JTS is a good faith purchaser of the Idaho WIP Assets under Section 363(m) of the Bankruptcy Code; (i) the Trustee has demonstrated that emergency relief is necessary to avoid loss to the Debtor's estate, and (j) good

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and sufficient cause exists for the granting of the relief requested. Therefore, it is **ORDERED** that:

1. All objections and responses to the Motion that have not been overruled, waived, settled, continued, or resolved are hereby overruled and denied.

2. The Trustee is authorized to enter into the JTS Asset Purchase Agreement and sell the Idaho WIP Assets to JTS for the sum of $282,062.80 (the "Purchase Price").

3. The sale of the Idaho WIP Assets shall be a sale under Section 363 of the Bankruptcy Code, free and clear of all claims, liens and interests. All claims, liens and interests in the Idaho WIP Assets shall attach to the net proceeds arising from the sale of the Idaho WIP Assets with the same force, validity, effect, priority and enforceability as such claims, liens and interests had prior to the date of sale. Any issues regarding the extent, validity, perfection, priority and enforceability of such claims, liens and interest with respect to any net sale proceeds shall be determined by the Court upon proper application at a later date.

4. Upon receipt by the Trustee of the Purchase Price, all of the estate's interest in the Idaho WIP Assets shall be transferred to JTS. This Order shall be considered and constitute for all purposes a full and complete general assignment, conveyance and transfer of the Idaho Assets and/or a bill of sale transferring good and marketable, indefeasible title and interest in the Idaho WIP Assets to JTS. All governmental recording offices and all other parties, persons or entities are hereby directed to accept this Order as such an assignment and/or bill of sale, and, if necessary, this Order shall be accepted for recordation on or after the closing of the sale as conclusive evidence of the free and clear, unencumbered transfer of title to the Idaho WIP Assets conveyed to JTS at the closing. The Trustee is further authorized to execute and deliver to JTS such other and further documents as it may reasonably request to evidence the transfer.

5. JTS is a good faith purchaser of the Idaho WIP Assets under Section 363(m) of the Bankruptcy Code and, as such, is entitled to full protection of Section 363(m) of the Bankruptcy Code.

6. Pursuant to Section 363(m) of the Bankruptcy Code, the reversal or modification of this Order on appeal will not affect the validity of the transfer of the Idaho WIP Assets to JTS, as well as the transactions contemplated and/or authorized by this Order, unless the same is stayed pending appeal prior to the closing on the sale of the Idaho WIP Assets.

7. The Trustee may close on the sale of the Idaho WIP Assets as soon as practicable after entry of this Order.

8. This Order is a final order (as opposed to an interlocutory order) and is enforceable upon entry. To the extent necessary under Bankruptcy Rules 5003, 9014, 9021 and 9022, this Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein.

9. The fourteen-day automatic stay imposed by Bankruptcy Rules 6004(h) and 6006(d) does not apply. Accordingly, this Order is subject to immediate execution and fulfillment by the Trustee and JTS.

10. The Trustee is authorized to take any actions reasonably necessary to effectuate the relief granted by this Order.

11. The Court retains jurisdiction to hear and determine all disputes arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**