UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC,<br>　　　　　　　　　　　Debtor. | Case No. 18-33815<br><br>(Chapter 7) |

### DECLARATION OF KYUNG S. LEE
### IN SUPPORT OF TRUSTEE'S APPLICATION TO
### EMPLOY KASOWITZ BENSON TORRES LLP AS
### TRUSTEE'S SPECIAL BANKRUPTCY COUNSEL, EFFECTIVE AS
### OF SEPTEMBER 5, 2018

I, Kyung S. Lee, declare under penalty of perjury as follows:

1. I am an attorney duly admitted and in good standing to practice law in Texas and New York, before the United States Supreme Court, the Fifth Circuit and the United States District Courts for the Southern, Northern, Eastern, and Western Districts of Texas and the Southern and Eastern Districts of New York.

2. Effective September 5, 2018, I became a partner at Kasowitz Benson Torres LLP ("Kasowitz"), located at 1415 Louisiana Street, Suite 2100, Houston, Texas 77002.

3. I make this declaration in support of the Trustee retaining Kasowitz Benson Torres LLP as Special Bankruptcy Counsel (the "Application") by oral motion.

4. Except as otherwise noted, all facts set forth in this declaration are based upon my personal knowledge, upon the client and matter records of Kasowitz reviewed by other lawyers and paraprofessionals under my supervision and direction, or derived from information available to me that I believe to be true and correct.

5. Rodney Tow is the duly appointed chapter 7 trustee (the "Trustee") of Koontz-Wagner Custom Control Holdings LLC ("Koontz Wagner" or "Debtor") chapter 7 bankruptcy case (the "Chapter 7 Case").

### a. Scope of Services

6. Kasowitz will serve as special bankruptcy counsel in connection with monetizing the Debtor's work in process, establishing procedures for sale of the equipment and work in process, and an assortment of special projects related to monetizing the assets of the Debtor's estate. Kasowitz may also provide services on additional discrete matters to the extent directed by the Trustee and necessary to preserve or enhance the value of the Debtor's estates. These services will be distinct and separate from the duties to be performed by the General Bankruptcy Counsel Cooper Scully P.C.

7. Among a trustee's duties in a case under chapter 7 of the Bankruptcy Code is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest . . . ." 11 U.S.C. § 704(a)(1). The circumstances of the Chapter 7 Case have required and will continue to require extraordinary efforts on an abbreviated timeline to ensure that the estate is able to fully monetize its assets and to avoid any unnecessary diminution in the value of the estate. Several former customers of the Debtor faced significant liquidated and actual damages if the debtor's work in process were not able to be released. The Trustee employed Diamond McCarthy LLP ("Diamond McCarthy") from the inception of the Chapter 7 Case through September 4, 2018, and, specifically, Mr. Lee and Shannon, as his Special Counsel to work on these matters. Now that both attorneys are at Kasowitz, employing Kasowitz as special counsel to finalize the assignments they began while at Diamond

McCarthy makes good business sense and will allow the Trustee to conclude this aspect of the liquidation efficiently.

### b. Qualifications and Proposed Compensation

8. Kasowitz partners and associates that will make up the team representing the Trustee have long-standing experience serving as bankruptcy counsel in complicated bankruptcy cases (both chapter 11 and 7), resolving complex litigation matters in bankruptcy cases, advising on transactions in bankruptcy cases, and are well-qualified to represent the Trustee. Kasowitz's experience and expertise in large and complex insolvency cases will substantially benefit the Trustee.

9. Kasowitz's team for this engagement will be led by me and will include associate R.J. Shannon. The professional biographies of each of the attorneys are available on www.kasowitz.com.

10. Subject to Bankruptcy Court approval, the Trustee's employment of Kasowitz will be governed by the standard engagement agreement identical to the one the Trustee employed Diamond McCarthy.

11. Compensation and reimbursement of expenses will be made by the Trustee pursuant to the engagement agreement and upon Bankruptcy Court approval pursuant to § 330 of the Bankruptcy Code. Kasowitz anticipates seeking interim compensation pursuant to § 331 of the Bankruptcy Code and any appropriate order of the Bankruptcy Court.

12. The current standard hourly rates charged by Kasowitz range from $525.00 - $1,800.00 per hour for partners and counsel, $315.00 - $675.00 per hour for associates, and $150.00 - $355.00 per hour for paralegals. The following is a list of Kasowitz attorneys and paraprofessional who will be providing the primary legal services for the Trustee in connection with this case, as well as their standard hourly rates currently in effect:

| | |
|---|---|
| Kyung S. Lee (Partner) | $850.00 per hour |
| Robert J. Shannon (Associate) | $325.00 per hour |
| Christine Rehak (Paralegal) | $220.00 per hour |

13. I believe these rates are reasonable and consistent with the rates charged by professionals with comparable experience in the Houston, Texas legal market.

14. The above-outlined hourly rates are subject to periodic review (generally annually) to reflect changes in the economy, experience, and other factors.

15. Other than the Trustee's agreement to compensate Kasowitz at its regular hourly rates and to reimburse Kasowitz for the reasonable and necessary expenses incurred on behalf of the Trustee, Kasowitz has not received any promises from the Trustee or any other person to compensate or reimburse Kasowitz in connection with the Chapter 7 Case.

16. The rate of each professional working on this case will be clearly reflected in Kasowitz's invoices and fee applications. Kasowitz will maintain detailed records of costs and expenses incurred in connection with its legal services and these will be set forth in detail as part of the monthly invoice and fee applications.

17. Neither Kasowitz nor any partners of Kasowitz have divided, paid over or shared, or agreed to divide, pay over or share, (a) any compensation it has or they have received or may receive for services rendered or expenses incurred in connection with the Chapter 7 Case with another party or person (except as among the partners, counsel and associates of Kasowitz), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this case.

    c.    **<u>Eligibility and Disinterestedness</u>**

18. Kasowitz has substantial expertise in the field of business reorganizations and bankruptcy litigation under the Bankruptcy Code. Attorneys at Kasowitz have served as counsel to

debtors, trustee, creditors' committees, and creditors in many of the country's largest bankruptcy cases, including, but not limited to, the following chapter 11 cases: *In re Toys "R" Us, Inc.*, Case No. 17-34665 (KLP) (Bankr. E.D.V.A. 2017); *In re Hercules Offshore, Inc., et al.*, Case No. 16-11385 (KJC) (Bankr. D. Del. 2016); *In re Energy Future Holdings, Corp., et al.*, Case No. 14-10979 (CSS) (Bankr. D. Del. 2014); *In re LightSquared Inc., et al.*, Case No. 12-12080 (SCC) (Bankr. S.D.N.Y, 2012); *In re Dewey & LeBoeuf LLP*, Case No. 12-12321 (MG) (Bankr. S. D. N. Y. 2012); *In re Borders Group, Inc.,* Case No. 11-10614 (MG) (Bankr. S.D.N,Y. 2011); *In re Adelphia Communications Corp.*, Case No., 02-41729 (REG) (Bankr. S.D.N.Y. 2002); and *In re Enron Corp.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. 2001).

19. I am not, nor is Kasowitz, an insider of the Debtor. Neither Kasowitz nor I hold directly any claim, debt or equity security of the Debtor.

20. To the best of my knowledge, information, and belief, no partner or employee of Kasowitz has been, within two years from the Petition Date, a director, officer, or employee of the Debtor as specified in Bankruptcy Code section 101(14)(B).

21. Kasowitz does not have an interest materially adverse to the interests of the Debtor's estate of any of any class of creditors or equity security holders of the Debtor, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, as specified in Bankruptcy Code 101(14)(C), or for any other reason.

22. Kasowitz does not currently represent the Debtor or, to the best of my knowledge, information, and belief, any of their related parties, affiliates, partners, or subsidiaries. Moreover, Kasowitz will not undertake the representation of any party other than the Trustee in connection with the Chapter 7 Case

23. To the best of my knowledge, information, and belief, Kasowitz neither holds nor represents any interest adverse to the Trustee, the Debtor, their creditors or parties in interest or their respective attorneys in the Chapter 7 Case. Based upon information available to me, I believe that Kasowitz is a "disinterested person" within the meaning of Bankruptcy Code section 101(14).

24. Based on the information available to me, Kasowitz and its employees do not represent any other entity having an adverse interest in connection with the case.

25. Kasowitz has undertaken to determine whether it has any conflicts or other relationships that might cause it not to have such an adverse interest or to represent an interest with respect to the Conflicts Entities or any other entity or its affiliates listed in **Annex 1** attached hereto (with their affiliates, the "Searched Parties"). Specifically, Kasowitz (a) submitted to Kasowitz's computerized client and conflict database (the "Conflict Database"); and (b) issued a general inquiry to certain of Kasowitz attorneys with respect to the Searched Parties.

26. The Conflict Database maintained by Kasowitz is designed to include every matter on which the firm is now and has been engaged, by which entity the firm is now or has been engaged and, in each instance, identify the related parties, and certain of the attorneys in the firm that are knowledgeable about the matter. The policy of Kasowitz is that no new matter may be accepted or opened within the firm without completing and submitting to those charged with maintaining the Conflict Database the information necessary to check each such matter for conflicts, including the identity of the prospect client, the matter, and related and adverse parties. Accordingly, Kasowitz maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain those records.

27. Through this process, I have learned that Kasowitz has either represented or been adverse to Westchester Fire Insurance Company, Caterpillar Financial Services Corporation,

Cummins, Inc., Crawford Electric Supply Company, Inc., Toyota Industries Commercial Finance, Inc. and Siemens Energy, Inc. on unrelated matters that have no relationship to the Debtor or the Trustee. Some of the representation of these entities is ongoing, but again, have no relationship to the Special Counsel role the Trustee is asking Kasowitz to handle here.

28. As of the filing of this Application, Kasowitz continues to research its records and communicate internally regarding its connections to the Searched Parties. I will supplement this Declaration as necessary in advance of the hearing on the Application or thereafter should additional connections be discovered.

29. For the reasons stated herein, Kasowitz represents no interest adverse to the Debtor's creditors with respect to the matters for which it is employed and, therefore, is capable of fulfilling its duties to the Trustee.

30. In addition, Kasowitz has an extensive past connection to the Trustee by virtue of my representation of the Trustee in a series of chapter 7 cases in the Southern District of Texas, starting with the Cyrus bankruptcy case in 2007. If requested by the Court or any party, we can either provide the list of such cases or the list is available in all of the bankruptcy cases in which I have served either as Mr. Tow's general or special bankruptcy counsel.

31. Kasowitz practices law in the insolvency-related arena, and our practice includes insolvency-related litigation. Consequently, Kasowitz may have "connections" with the attorneys and other professionals involved in the Debtor's Chapter 7 Case. Kasowitz may have referred matters to other professionals involved in the Debtor's case, and it may have been referred matters by such parties. Kasowitz may represent or have, from time to time, represented or been adverse to one or more of the professionals involved in the Debtor's Chapter 7 Case.

32. Despite Kasowitz' best efforts to identify and disclose its connections with the adverse parties in the Debtor's Chapter 7 Case, Kasowitz is unable to state with absolute certainty that every client representation or other connection has been disclosed. In this regard, if Kasowitz discovers additional information that requires disclosure, Kasowitz will file a supplemental disclosure with the Bankruptcy Court.

33. The proposed retention of Kasowitz is not prohibited by or improper under Bankruptcy Rule 5002. Kasowitz and the professionals it employs are qualified to represent the Trustee in the matters for which Kasowitz is proposed to be retained.

34. I believe that Kasowitz is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, on October 8, 2018.

By: /s/ Kyung S. Lee
Kyung S. Lee

ANNEX 1

1. Rodney Tow
2. Koontz-Wagner Custom Controls Holdings LLC
3. Westchester Fire Insurance Company
4. ABB Industrial Connections and Solutions LLC
5. Metro Fabricating LLC
6. Wiley Road Industrial Park LP
7. Meitec Inc
8. L GP South LLC
9. Enbridge Energy Limited Partnership
10. Specific Systems LLC
11. Express Employment Professionals
12. Pfeil Inc.
13. Delta Management
14. Martell Electric LLC
15. Peterson Power Systems, Inc.
16. Johnson Thermal Systems, Inc.
17. JSW Properties, Inc.
18. Caterpillar Financial Services Corporation
19. Cummins, Inc.
20. Crawford Electric Supply Company, Inc.
21. Toyota Industries Commercial Finance, Inc.
22. Marvair, A Division of Airxcel, Inc.
23. Siemens Energy, Inc.
24. KW Services, LLC.