# **EXHIBIT A**

**Settlement Agreement**

## SETTLEMENT AGREEMENT

This Settlement Agreement (this "Settlement Agreement") is entered into as of the last date indicated in the signatures below (the "Effective Date") by and among Cummins, Inc. ("Cummins"), K-W Texas LLC ("BSC"), and Rodney D. Tow, in his capacity as chapter 7 trustee (the "Trustee") for the Bankruptcy Estate of Koontz-Wagner Custom Controls Holdings, LLC (the "Debtor"), Case No. 18-33815 (the "Bankruptcy Case"), United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). Each of the above-listed parties to this Settlement Agreement are each a "party" and are collectively referred to as the "parties."

### Recitals

A. WHEREAS, the Debtor filed for bankruptcy under chapter 7 of title 11 of the United States Code on July 11, 2018 (the "Petition Date");

B. WHEREAS, the Trustee was appointed as the chapter 7 trustee of the Debtor on the Petition Date;

C. WHEREAS, the Debtor and Cummins each asserted the other owed obligations to such party as of the Petition Date;

D. WHEREAS, Cummins filed proofs of claim in the Bankruptcy Case on August 20, 2018, that was entered as claim no. 20, and on November 12, 2018, that was entered as claim no. 99;

E. WHEREAS, the Trustee sold the Debtor's accounts receivable arising from the Debtor's Houston and Caldwell facilities, which transaction arguably included the estate's claims against Cummins;

F. WHEREAS, the Trustee and Cummins entered into an agreement pursuant to the Order Granting Emergency Motion for Order (A) Authorizing Sale of Cummins WIP Free and Clear of All Liens, Claims, Encumbrances, and other Interests to Cummins Inc. and (B) Waiving Application of Stay Pursuant to Bankruptcy Rule 6004 [ECF No. 206] (the "Sale Order") with respect to certain works in process held by Debtor and incorporating equipment owned by Cummins;

G. WHEREAS, Cummins paid $77,426.00 (the "Cummins Holdback") to the Trustee's holdback account (the "Holdback Account") pursuant to the Sale Order;

H. Whereas, Cummins has asserted various costs and expenses to remedy defects in the Cummins WIP that are disputed by the Trustee; and

I. WHEREAS, the parties desire to resolve all claims arising out of the forgoing as set forth in this Agreement.

NOW, THEREFORE, IN CONSIDERATION OF THE FOREGOING, and for the covenants and agreements set forth in this Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as

follows:

## Agreement

1.     <u>Bankruptcy Court Approval</u>. Within fourteen (14) days of the Effective Date, the Trustee shall cause to be filed with the Bankruptcy Court a motion, in a form acceptable to Cummins (the "<u>Approval Motion</u>"), under Federal Rule of Bankruptcy Procedure 9019 for an order approving the settlement provided by this Settlement Agreement and authorizing the Trustee to perform its obligations hereunder (the "<u>Approval Order</u>"). The date on which the Approval Order becomes a final and non-appealable order shall be the "<u>Approval Date</u>" for purposes of this Settlement Agreement.

2.     <u>Settlement Payments</u>. In consideration for the releases provided in Section 3 of this Settlement Agreement, the Trustee shall disburse the Cummins Holdback as follows: (i) $15,000.00 to Cummins (the "<u>Cummins Payment</u>"), (ii) $12,033.00 to the BSC (the "<u>BSC Payment</u>"), and (iii) $50,429.00 to be retained by the Trustee (the "<u>Trustee Payment</u>" and together with the Cummins Payment and the BSC Payment (the "<u>Settlement Payments</u>")). The Trustee shall make the Settlement Payments within seven (7) days of the Approval Date. The Settlement Payments shall be deemed (i) paid on the date that the payor sends the payee a check for the amount by U.S.P.S., Federal Express, or United Parcel Service to the extent that the check is ultimately received by the payee and (ii) received on the date that the check clears. If any check sent by U.S.P.S., Federal Express, or United Parcel Service is not received, the payor and payee shall cooperate and take reasonable steps to effectuate the Settlement Payments contemplated in this Settlement Agreement.

3.     <u>Releases</u>. Effective upon the Approval Date the parties shall be deemed to have made the following releases:

    a. *Release by Trustee*. The Trustee, on behalf of himself, the Debtor, the Debtor's bankruptcy estate, and all of their respective successors and assigns will forever release Cummins and its affiliates, officers, directors, agents, advisors, employees, servants, attorneys, successors, assigns, parents and subsidiaries (collectively, the "<u>Cummins Released Parties</u>") from all claims (as such term is defined in Section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution and rights of indemnification, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise (collectively, the "<u>Trustee Claims</u>"), that are based in whole in part on any act, omission, transaction, or other occurrence taking place on or prior to the Approval Date. For the avoidance of doubt, the release provided by this Section 3.a includes a release of all obligations Debtor asserts were owed by Cummins to Debtor for unpaid invoices as of the Petition Date. The release provided by this Section 3.a shall not release any obligations of Cummins created pursuant to this Settlement Agreement. The Trustee represents and warrants that he has not assigned any of the Trustee Claims to any third parties other than BSC, and any such assignment will be deemed void. The Trustee further agrees that he will not commence, institute, or prosecute any lawsuit, action,

arbitration, or other proceeding, whether judicial, administrative, or otherwise, to collect or enforce any Trustee Claims.

b. *Release by BSC*. Effective upon the Approval Date, BSC, on behalf of itself and all of its successors and assigns will forever release the Cummins Released Parties from all claims (as such term is defined in Section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution and rights of indemnification, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise (collectively, the "BSC Claims"), that are based in whole in part on any act, omission, transaction, or other occurrence taking place on or prior to the Approval Date. For the avoidance of doubt, the release provided by this Section 3.b includes a release of all obligations Debtor asserts were owed by Cummins to Debtor for unpaid invoices as of the Petition Date. The release provided by this Section 3.b shall not release any obligations of Cummins or the Trustee created pursuant to this Settlement Agreement. BSC represents and warrants that it has not assigned any of the BSC Claims to any third parties, and any such assignment will be deemed void. BSC further agrees that neither it nor its affiliates will commence, institute, or prosecute any lawsuit, action, arbitration, or other proceeding, whether judicial, administrative, or otherwise, to collect or enforce any BSC Claims.

c. *Release by Cummins*. Effective upon the Approval Date, Cummins, on behalf of itself and all of its respective successors and assigns hereby and forever releases each of the Trustee, the Debtor's bankruptcy estate, and BSC and their affiliates, officers, directors, agents, advisors, employees, servants, and attorneys (collectively, the "Trustee Released Parties") from all claims (as such term is defined in Section 101(5) of the Bankruptcy Code), obligations, suits, judgments, damages, demands, debts, rights, causes of action, liabilities, rights of contribution and rights of indemnification, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise (collectively, "Cummins Claims"), that are based in whole in part on any act, omission, transaction, or other occurrence taking place on or prior to the Approval Date. The release provided by this Section 3.c shall not release any obligations of the Trustee or BSC created pursuant to this Settlement Agreement. Cummins represents and warrants that it has not assigned any of the Cummins Claims to any third parties, and any such assignment will be deemed void. Cummins further agrees that it will not commence, institute, or prosecute any lawsuit, action, arbitration, or other proceeding, whether judicial, administrative, or otherwise, to collect or enforce any Cummins Claims.

4. Termination. This Settlement Agreement may be terminated by any party and shall be of no force and effect upon the occurrence of any of the following: (i) the Approval Motion is denied by the Bankruptcy Court, (ii) any person shall appeal or seek the stay of the Approval Order, or (iii) any person shall be awarded damages against Cummins arising out of the facts set out in the Recitals to this Settlement Agreement.

5. **Mutual Representations and Warranties.** Subject only to Bankruptcy Court approval, each party represents and warrants to the other parties as follows:

   a. *Enforceability.* This Settlement Agreement constitutes a valid and legally binding agreement of such party, enforceable against such party in accordance with its terms.

   b. *Authority.* In entering into this Settlement Agreement, each person executing and delivering this Settlement Agreement on behalf of a party is duly authorized to do so and that the execution and delivery of this Settlement Agreement are lawful and voluntary acts of that party.

   c. *No Violation.* The execution, delivery and performance of this Settlement Agreement do not and will not (i) violate any law, regulation or court order to which such party is subject or (ii) require the approval of any person, board or governmental entity which has not previously been obtained.

   d. *Independent Investigation, Advice of Counsel.* Each party has: (i) read and understood this Settlement Agreement and agrees to all of its terms and conditions; (ii) independently evaluated the desirability of entering into this Settlement Agreement and in doing so is not relying on any representation, guarantee, or statement other than as set forth herein; and (iii) sought the advice of its own legal counsel regarding its rights and obligations set forth in this Settlement Agreement and has negotiated this Settlement Agreement through its legal counsel, or has voluntarily waived its right to seek the advice of legal counsel.

6. **No Admission of Wrongdoing and Exclusions.** This Settlement Agreement and all negotiations, statements, and proceedings in connection herewith shall not be, in any event, (a) construed as or deemed to be evidence of, an admission of, or concession of any liability or wrongdoing by any party, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Settlement Agreement), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature by any party or with respect to any defense or denial of liability by any party; or (b) construed as, or deemed to be evidence of, an admission or concession that any party has or has not suffered any damage, or that any party does not bear any responsibility for any alleged damages. This Settlement Agreement involves the settlement of claims that are denied and contested and nothing contained in this Settlement Agreement shall be construed as an admission by any party of any liability of any kind to any other party or any other person or entity nor as an admission by any party that any other party does not bear any liability of any kind to any party or any other person or entity.

7. **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between and among the parties with respect to the subject matter hereof, that the provisions hereof comprise a single integrated agreement and it and supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the parties, whether oral, written, or implied, as to the subject matter hereof.

8. <u>Assignees; Successors</u>. This Settlement Agreement is and shall be binding upon and shall inure to the benefit of the parties and their respective successors and assigns.

9. <u>Captions</u>. The captions of this Settlement Agreement are for convenience only and are not part of this Settlement Agreement and do not in any way limit or amplify the terms and provisions of this Settlement Agreement and shall have no effect on its interpretation.

10. <u>Further Assurances</u>. The parties agree that they will cooperate with each other in good faith in respect of matters concerning the implemental and consummation of this Settlement Agreement.

11. <u>Counterparts</u>. This Settlement Agreement may be executed in two or more counterparts, in which case this Settlement Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument.

12. <u>Costs</u>. Each of the parties shall bear and be responsible for any and all of its own expenses (including professional fees) associated with the negotiation of this Settlement Agreement and the matters resolved hereby.

13. <u>Neutral Interpretation</u>. This Settlement Agreement is the product of negotiations between the parties and enforcement will be interpreted in a neutral manner and not more strongly for or against any party based upon the source of draftsmanship.

14. <u>Jurisdiction and Venue</u>. This Agreement is executed and delivered as an incident to a transaction negotiated, consummated, and performable in Harris County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas. Any action or proceeding in connection with this Agreement may, and in the case of a proceeding against the Trustee, shall, be brought in the Bankruptcy Court, and each party hereto hereby irrevocably submits to the jurisdiction of the Bankruptcy Court, and waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court.

*[Signature Pages Follow]*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed as of the date first set forth above:

TRUSTEE                                          CUMMINS, INC.

_____ Date: 7/17/20     By: _____ Date: 7/15/2020
Rodney D. Tow                                    Name: John Chen
Chapter 7 Trustee for Koontz Wagner               Title: GM Operation Product-v Bgin
Custom Controls Holdings, LLC                           Cummins Power Gen

K-W TEXAS LLC

By: _____ Date: 7/16/20
Name: Alex Mazer
Title: Vice President