

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/16/2020

| | |
|---|---|
| In re:<br><br>**KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC,**<br><br>Debtor. | Case No. 18-33815<br><br>(Chapter 7) |

**TRUSTEE'S MOTION TO COMPROMISE ADVERSARY PROCEEDING NO. 20-03275 AGAINST MAINFREIGHT, INC.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.
IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT

> DENIED. The Court will not approve a settlement with $700.00 of economic value. The cost of filing this motion, and of attending a hearing to determine whether the proposed compromise should be approved, exceed the $700.00.

Signed: November 16, 2020

Marvin Isgur
United States Bankruptcy Judge

AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, in his capacity as chapter 7 trustee (the "Trustee") for the estate of Koontz-Wagner Custom Control Holdings, LLC (the "Debtor"), files this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), approving the settlement between the Trustee and Mainfreight, Inc. described herein and in the Proposed Order. In support of the Motion, the Trustee respectfully states the following:

1

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief sought herein are Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019.

## BACKGROUND

### A. Case Background

4. On July 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. The Office of the United States Trustee appointed the Trustee as the interim chapter 7 trustee of the Debtor's bankruptcy estate on July 11, 2018. The Trustee became the permanent trustee after the Debtor's meeting of creditors pursuant to Bankruptcy Code § 341 on October 2, 2018, and remains the trustee as of the date of this filing.

### B. The Adversary Proceeding

6. On July 9, 2020, the Trustee filed a complaint seeking to avoid and recover transfers in the amount of $33,498.81 pursuant to 11 U.S.C. §§ 547 and 550 from Mainfreight, Inc. (the "Defendant"), initiating adversary proceeding no. 20-03275 (the "Adversary Proceeding") before this Court. The complaint and summons issued by the Clerk of Court were mailed to the Defendant on July 14, 2020.

7. The Defendant, through counsel, provided the Trustee with information showing new value provided by the Defendant that satisfied all but $2,136.56 of the estate's asserted claim.[1] The Defendant asserts that it has an ordinary course defense with respect to the remaining amounts.

## TERMS OF SETTLEMENT AGREEMENT

8. After negotiations, the Trustee has agreed, subject to this Court's approval, to settle the Adversary Proceeding in exchange for a $10,000.00 reduction in the Defendant's claim against the Debtor's bankruptcy estate, reflected in Claim No. 48, from $97,738.77 to $87,738.77 (the "Settlement"). Assuming a 7% distribution to unsecured creditors (as the Trustee expects if the claims are paid as filed), this would result in $700.00 for the estate—approximately 33% of the remaining claim.

9. The Trustee believes that this settlement is in the best interests of the Debtor's bankruptcy estate and creditors. The Adversary Proceeding cannot be litigated to a better result than the Settlement. The Settlement reflects both parties' understanding that litigating the remaining dispute would exceed the minimal expected benefit to either party and compensates the Trustee fairly for taking action to dismiss the Adversary Proceeding despite believing that he has a remaining claim, albeit, which is disputed. The Settlement will exceed the estate's expenses in procuring the dismissal.

## RELIEF REQUESTED

10. By this Motion, pursuant to Bankruptcy Code §§ 105(a) and 363 and Bankruptcy Rule 9019, Trustee seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement with the Defendant, allowing Claim No. 48 in the amount of $87,838.77, and directing the Trustee to dismiss with prejudice the Adversary proceeding.

---

[1] The total new value provided by the Defendant was $31,935.44 but certain payments from the Debtor occurred after the new value was provided.

3

**BASIS FOR RELIEF**

11. Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." FED. R. BANKR. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

12. Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

13. The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and

4

likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

14. Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

15. The Trustee asserts that the Settlement satisfies the requirements set out by the Fifth Circuit. Although the Trustee contends that he is likely to win on the merits with respect to Defendants ordinary course defense, the attendant expense of litigating, in light of documentation provided by Defendant challenging the Trustee's position makes litigation unlikely to result in a better outcome even on the leanest of budgets. The Debtor's bankruptcy estate and creditors are in a better position through the Settlement. Further, the Settlement was negotiated at arms'-length between counsel for the Trustee and counsel for the Defendant.

[*Remainder of Page Intentionally Left Blank*]

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order and such other relief that is just.

Dated:  October 23, 2020

Respectfully submitted,

**PARKINS LEE & RUBIO LLP**

/s/R. J. Shannon
R. J. Shannon (TBA No. 24108062)
Pennzoil Place
700 Milam Street, STE 1300
Houston, TX 77002
Telephone: (713) 715-1660
Email: rshannon@parkinslee.com

*Proposed Special Counsel for Rodney D. Tow, Chapter 7 Trustee for Koontz-Wagner Custom Control Holdings LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2020,, a true and correct copy of this Motion was served on (i) all parties registered to receive ECF notification in the above captioned case, (ii) by first class U.S.P.S. mail on all parties on the Second Revised Limited Mailing List [ECF No. 198], and (iii) the following parties by email:

Allan D. Sarver, Esq.
16000 Ventura Blvd Suite 1000
Encino, CA 91436
ads@asarverlaw.com
Counsel to Mainfreight, Inc.

/s/R. J. Shannon