# SETTLEMENT AGREEMENT

This agreement (the "Agreement") is entered into entered into as of the last date indicated in the signatures below (the "Effective Date") by and among Rodney D. Tow (the "Trustee"), in his capacity as chapter 7 trustee of the bankruptcy estate of Koontz-Wagner Custom Controls Holdings LLC (the "Debtor") on one hand and Pacific Hide & Fur Depot d/b/a Pacific Steel (the "Defendant") on the other. Each of the above-listed parties to this Agreement are each a "Party" and are collectively referred to as the "Parties."

## RECITALS

A.   WHEREAS, the Trustee is the chapter 7 trustee under Case No. 18-33815 (the "Bankruptcy Case"), pending before the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

B.   WHEREAS, the Trustee filed an adversary proceeding against the Defendant pending before the Bankruptcy Court as Adversary Proceeding No. 20-03277 (the "Adversary Proceeding") alleging causes of action under chapter 5 of title 11 of the United States Code.

C.   WHEREAS, to avoid further costs of litigation and without admitting any fault of their own, the Parties desire to resolve all causes of action under Chapter 5 of the Bankruptcy Code that the Trustee may have against the Defendant in accordance with the terms of this Agreement;

NOW, THEREFORE, in consideration of the foregoing, and for the covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENTS

1. Bankruptcy Court Approval. This Agreement is effective and binding on the Parties in all respects, provided, however:

    a. The Trustee, at the cost and expense of the Debtor's bankruptcy estate, shall promptly file a motion, in a form acceptable to the Defendants (the "Approval Motion"), seeking an order from the Bankruptcy Court Approving this Agreement.

    b. If the Bankruptcy Court enters an order denying the Approval Motion or making material changes to this Agreement to which the Defendant or the Trustee objects on the record at a hearing on the Approval Motion (unless such objection is later withdrawn on the record or in writing) the Parties shall be released from all obligations under this Agreement. For the avoidance of doubt, any adjournment or continuance of any hearing on the Approval Motion shall not be an order denying the Approval Motion for purposes of this Agreement.

2. Payment of Settlement Amount. Within seven (7) days after an order of the Bankruptcy Court approving this Agreement (the "Approval Order"), Defendant shall pay to the

1

Trustee the sum of **$9,900.00** (the "Settlement Amount"). Payment shall be made by check sent by mail or commercial delivery service to the Trustee at the following address:

> Rodney Tow, Chapter 7 Trustee
> 1122 Highborne Cay Court
> Texas City, TX 77590-1403

3. Release of Avoidance Claims. Effective immediately upon the occurrence of both (i) entry of the Approval Order and (ii) the Trustee's receipt of the Settlement Amount, the Trustee shall be deemed to have released the Defendant from any and all claims or causes of action under Bankruptcy Code §§ 547-550 arising from or related to the facts or transactions at issue in the Adversary Proceeding.

4. 502(h) Claim. Upon payment of the Settlement Amount to the Trustee, the Defendant shall have an allowed unsecured claim under Bankruptcy Code § 502(h) in an amount of the Settlement Amount, in addition to any other valid claims of the Defendant against the Debtor's bankruptcy estate. Defendant shall have thirty (30) days to file an amended proof of claim. For the avoidance of doubt, any existing proofs of claim and the underlying claims in the Debtor's bankruptcy case shall not be otherwise allowed or disallowed by this Agreement.

5. Mutual Representations and Warranties. Subject only to Bankruptcy Court approval, each Party hereto represents and warrants to the other Parties as follows:

   a. *Enforceability.* Subject to the approval of the Bankruptcy Court, this Agreement constitutes a valid and legally binding agreement of such Party, enforceable against such Party in accordance with its terms.

   b. *Authority.* In entering into this Agreement, each person executing and delivering this Agreement on behalf of a Party is duly authorized to do so and that the execution and delivery of this Agreement are lawful and voluntary acts of that Party.

   c. *No Violation.* The execution, delivery, and performance of this Agreement do not and will not (i) violate any law, regulation, or court order to which such Party is subject or (ii) require the approval of any person, board, or governmental entity which has not previously been obtained.

   d. *Independent Investigation, Advice of Counsel.* Each Party has: (i) read and understood this Agreement and agrees to all of its terms and conditions; (ii) independently evaluated the desirability of entering into this Agreement and in doing so is not relying on any representation, guarantee, or statement other than as set forth herein; and (iii) sought the advice of its own legal counsel regarding its rights and obligations set forth in this Agreement and has negotiated this Agreement through its legal counsel, or has waived its right to seek the advice of legal counsel.

6. Entire Agreement. This Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter hereof, that the provisions hereof comprise a single integrated agreement that supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, as to the subject matter hereof; *provided, however*, that the Approval Order shall supersede this Settlement Agreement to the extent inconsistent.

7. Assignees; Successors. This Agreement is and shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

8. Captions. The captions of this Agreement are for convenience only and are not part of this Agreement and do not in any way limit or amplify the terms and provisions of this Agreement and shall have no effect on its interpretation.

9. Further Assurances. The Parties agree that they will cooperate with each other in good faith in respect of matters concerning the implemental and consummation of this Agreement.

10. Counterparts. This Agreement may be executed in two or more counterparts, in which case this Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument. The parties agree that this Agreement may be executed by means of an electronic signature.

11. Costs. Each of the Parties shall bear and be responsible for any and all of its own expenses (including professional fees) associated with the negotiation of this Agreement and the matters resolved hereby, except as otherwise provided in Section 1 and 2 herein.

12. Neutral Interpretation. This Agreement is the product of negotiations between the Parties and enforcement will be interpreted in a neutral manner and not more strongly for or against any Party based upon the source of draftsmanship.

13. Jurisdiction and Venue. This Agreement is executed and delivered as an incident to a transaction negotiated, consummated, and performable in Harris County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas. Any action or proceeding in connection with this Agreement may, and in the case of a proceeding against the Debtors, shall, be brought in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and each Party hereto hereby irrevocably submits to the jurisdiction of the Bankruptcy Court, and waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court.

[*Signature Page Follows*]

**AGREED TO BY:**

PACIFIC HIDE & FUR DEPOT

_____ Date: 11/10/2020
Name: Wayne Klind
Title: Corporate Secretary

RODNEY D. TOW

_____ Date: 11/9/2020
Chapter 7 Trustee of Koontz-Wagner
Custom Controls Holdings, Inc.