**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| **KOONTZ-WAGNER CUSTOM** | )    **Case No. 18-33815** |
| **CONTROL HOLDINGS LLC,** | ) |
| | )    **(Chapter 7)** |
| Debtor. | ) |
| | ) |

**TRUSTEE'S MOTION TO COMPROMISE CLAIM NO. 98**
**FILED BY INDUSTRIAL CONNECTIONS & SOLUTIONS, LLC**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Rodney D. Tow, in his capacity as chapter 7 trustee (the "Trustee") for the estate of Koontz-Wagner Custom Control Holdings, LLC (the "Debtor"), files this motion (the "Motion") pursuant to sections 105(a), 363(b), and 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form annexed hereto (the "Proposed Order"), approving the settlement agreement attached hereto as Exhibit A (the "Settlement Agreement") between the

Trustee and Industrial Connections & Solutions, LLC ("IC&S"). In support of the Motion, the Trustee respectfully states the following:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief sought herein are Bankruptcy Code §§ 105(a), 363, and 502(b) and Bankruptcy Rule 9019.

**BACKGROUND**

**A.  Case Background**

4.      On July 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5.      The Office of the United States Trustee appointed the Trustee as the interim chapter 7 trustee of the Debtor's bankruptcy estate on July 11, 2018. The Trustee became the permanent trustee after the Debtor's meeting of creditors pursuant to Bankruptcy Code § 341 on October 2, 2018, and remains the trustee as of the date of this filing.

**B.  The Debtor's Business and Assets**

6.      The Debtor was in the business of manufacturing and integrating control house enclosures for gas turbines, electric generators, oil and gas pipeline compressor stations, electric transmission and distribution systems, and other applications. Suppliers of various components delivered equipment to the Debtor, and the Debtor integrated these components into customizable control houses for delivery to the end-user.

7.     The Debtor operated its business out of four principal locations: (1) South Bend, Indiana; (2) Caldwell, Idaho; (3) Houston, Texas; and (4) Chattanooga, Tennessee.  On the Petition Date, the Debtor had equipment, raw materials, and partially completed projects at these locations, in addition to certain intangible property.

**C.  Dispute regarding IC&S's Claim No. 98**

8.     On November 12, 2018, IC&S filed proof of claim no. 98 ("Claim No. 98") in an unliquidated amount, claiming amounts for warranty claims that had not yet become fixed as of the Petition Date.

9.     Since the Petition Date, IC&S's warranty claims have become liquidated to the extent of approximately $54,000. However, warranties with respect to certain purchase orders fulfilled by the Debtor with a total contract price of approximately $897,634 will continue through 2022. The Trustee anticipates making a distribution in this case prior to the expiration of warranty provided by the Debtor to IC&S. Therefore, the Trustee seeks to liquidate IC&S's remaining unliquidated warranty claims. IC&S points out that the total potential amount of the warranty claims could be large.

**TERMS OF SETTLEMENT AGREEMENT**

10.     After negotiations, the Trustee and ABB have reached a consensual liquidation of Claim No. 98 as reflected in the Settlement Agreements and summarized as follows:

   a.  Claim No. 98 shall be in the amount of $104,000, *provided, however*, that the allowance of Claim No. 98 in such amount shall in no way limit any rights of IC&S or any successor and assign to assert setoff, recoupment, or other defenses based on, arising from, or related to Claim No. 98 with respect to any entity, including without limitation the Debtor, the Trustee, the Debtor's bankruptcy estate and any assignee or successor thereof; and

   b.  The Trustee, the Debtor, and the Debtor's bankruptcy estate shall be deemed to have released IC&S from any and all claims, causes of action, or other rights to payment under law or equity existing as of the date of the Settlement Agreement.

11.     The Trustee believes that the Settlement Agreement is in the best interests of the Debtor's bankruptcy estate and creditors. The Trustee does not dispute IC&S's $54,000 liquidated claim. The $50,000 apportioned for the ongoing liability for the $897,634 of purchase order still under warranty amounts to 5.5%. This the 3-6% range that the Trustee has applied to other warranty claims in this case and believes is the industry standard. The Trustee believes that the costs of seeking estimation at 3% for outstanding warranties (approximately $27,000) would exceed the value obtained by the reduction (approximately $2,300 at a 10% distribution and $3,500 at a 15% distribution). It also locks in IC&S's claim in the event that the actual additional warranty claims exceed $50,000. The Trustee does not believe that the Debtor's estate holds any claims against IC&S. The Settlement Agreement therefore provides more value to creditors than litigation.[1]

## RELIEF REQUESTED

12.     By this Motion, pursuant to Bankruptcy Code §§ 105(a), 363, and 502(b) and Bankruptcy Rule 9019, Trustee seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement Agreement and granting related relief to implement the terms of the Settlement Agreement.

## BASIS FOR RELIEF

13.     Bankruptcy Rule 9019 governs the procedural requirements to be followed before a settlement may be approved. Bankruptcy Rule 9019(a) provides in relevant part that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and

---

[1] As a practical matter, it is worth pointing out that the same attorney represented IC&S and ABB, Inc. ("ABB") and the two claimants are related entities. In a motion filed contemporaneously herewith, ABB has agreed to disallowance of its entire claim filed in the amount of $525,956. Although properly treated by their counsel as separate legal entities, the Settlement Agreement with IC&S (which is reasonable its own right) is even more clearly superior to litigation in light of the resolution of ABB's claim negotiated at the same time.

settlement." Fed. R. Bankr. P. 9019(a).  Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate."  *In re Cajun Elec. Power Coop., Inc.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995).

14.     Court should approve a proposed settlement or compromise under Bankruptcy Rule 9019 if the settlement is within a range of reasonableness, fair and equitable, and in the best interest of the bankruptcy estate. "In deciding whether a settlement of litigation is fair and equitable, a judge in bankruptcy must make a well-informed decision, comparing the terms of the compromise with the likely rewards of litigation." *In re Cajun Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (citations omitted); *see also Protective Committee for Independent Stockholders of TMT Trailer Ferry v. Anderson*, 390 U.S. 414 (1968); *United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293 (5th Cir. 1984); *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599 (5th Cir. 1980). Moreover, a bankruptcy court need not be convinced that the proposed settlement is the best possible, but "need only conclude that the settlement falls within the reasonable range of litigation possibilities somewhere above the lowest point in the range of reasonableness." *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 833 (Bankr. D. Del. 2008).

15.     The Fifth Circuit has directed that, in determining whether to approve a proposed settlement, a bankruptcy court should evaluate the following factors: (1) the probability of success in the litigation, with due consideration for the uncertainty in fact and law, (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience, and delay, and (3) all other factors bearing on the wisdom of the compromise. *In re Age Refining, Inc.*, 801 F.3d 530 (5th Cir. 2015); *In re Jackson Brewing Co.*, 624 F.2d at 602.

16.     Under the third, catch-all provision, the Fifth Circuit has specified two additional considerations. First, the court should consider the best interests of the creditors, "with proper deference to their reasonable views." *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996). Second, the court should consider "the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion." *Id.* at 918 (internal citations omitted).

17.     The Trustee asserts that the Settlement Agreement satisfies the requirements set out by the Fifth Circuit. The $50,000 amount for currently unliquidated amounts in the Settlement Agreement is a potential outcome from litigation. The expense the Debtor's estate would incur in seeking estimation at a lower amount would exceed the benefit to the estate and creditors. And the Trustee does not believe that the release provided to IC&S has any significant valve to the Debtor's estate and is fair and reasonable consideration for the reduced expenses incurred in this Motion compared to an objection or motion to estimate Claim No. 98. Further, the Settlement Agreement was negotiated at arms'-length between counsel for the Trustee and IC&S without collusion.

## RESERVATION OF RIGHTS

18.     This Motion describes the Trustee's analysis prior to engaging in formal discovery. Notwithstanding anything herein to the contrary, the Trustee reserves all rights in connection with any objection to Claim No. 98 and any causes of action the estate may hold against IC&S in the event that this Motion is denied.

[*Remainder of Page Intentionally Left Blank*]

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, approving the Settlement Agreement, and granting such other relief that is just.

Dated:  May 13, 2021                    Respectfully submitted,

                                        **PARKINS LEE & RUBIO LLP**

                                        */s/R. J. Shannon*
                                        R. J. Shannon (TBA No. 24108062)
                                        Pennzoil Place
                                        700 Milam Street, STE 1300
                                        Houston, TX 77002
                                        Telephone: (713) 715-1660
                                        Email: rshannon@parkinslee.com

                                        *Special Counsel for Rodney D. Tow, Chapter
                                        7 Trustee for Koontz-Wagner Custom Control
                                        Holdings LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a true and correct copy of this Motion was served on (i) all parties registered to receive ECF notification in the above captioned case, (ii) by first class U.S.P.S. mail on all parties on the Second Revised Limited Mailing List [ECF No. 198], and (iii) the following parties by email:

Patrick Birney
Robinson+Cole
280 Trumbull Street
Hartford, CT 06103
pbirney@rc.com

                                        */s/R. J. Shannon*