# EXHIBIT A

## SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This agreement (the "Agreement") is entered into as of the last date indicated in the signatures below (the "Effective Date") by and among Rodney D. Tow (the "Trustee"), in his capacity as chapter 7 trustee of the bankruptcy estate of Koontz-Wagner Custom Controls Holdings LLC (the "Debtor") on one hand and Williams Industrial Services Group Inc. ("Williams Inc.") and Williams Industrial Services Group LLC ("Williams LLC," and together with Williams Inc., "Williams") on the other. Each of the above-listed parties to this Agreement is a "Party" and are collectively referred to as the "Parties."

## RECITALS

A. WHEREAS, the Trustee is the chapter 7 trustee under Case No. 18-33815 (the "Bankruptcy Case"), pending before the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

B. WHEREAS, Williams Inc. filed proof of claim no. 101 ("Claim No. 101") in the amount of $24,802,801.61 in the Bankruptcy Case;

C. WHEREAS, Williams LLC filed proof of claim no. 102 ("Claim No. 102") in the amount of $952,519.25 in the Bankruptcy Case; and

D. WHEREAS the Parties seek to resolve all the outstanding rights, obligations, and duties, among themselves consistent with this Agreement;

NOW, THEREFORE, in consideration of the foregoing, and for the covenants and agreements set forth in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENTS

1. Bankruptcy Court Approval. This Agreement is effective and binding on the Parties in all respects, *provided, however*:

    a. The Trustee, at the cost and expense of the Debtor's bankruptcy estate, shall promptly file a motion (the "Approval Motion"), seeking an order from the Bankruptcy Court approving and implementing this Agreement substantially in the form attached hereto as Exhibit A.

    b. If the Bankruptcy Court enters an order denying the Approval Motion or making material changes to this Agreement to which Williams or the Trustee objects on the record at a hearing on the Approval Motion (unless such objection is later withdrawn on the record or in writing) the Parties shall be released from all obligations under this Agreement. For the avoidance of doubt, any adjournment or

1

continuance of any hearing on the Approval Motion shall not be an order denying the Approval Motion for purposes of this Agreement.

2. <u>Resolution of Claims</u>. Upon entry of an order of the Bankruptcy Court approving this Agreement (the "<u>Approval Order</u>"):

   a. Claim No. 101 shall be allowed in the amount of $7,704,132.83.

   b. Claim No. 102 shall be allowed in the amount of $295,867.17.

   c. The Trustee, the Debtor, and the Debtor's bankruptcy estate shall be deemed to have released Williams Inc., Williams LLC, and each of their successors, representatives, assigns, agents, attorneys, and affiliates, and each of the preceding entities' respective employees, agents, officers, directors, and shareholders from any and all claims, causes of action, or other rights to payment under law or equity existing as of the date of this Agreement.

3. <u>Mutual Representations and Warranties</u>. Subject only to Bankruptcy Court approval, each Party hereto represents and warrants to the other Parties as follows:

   a. *Enforceability*. Subject to the approval of the Bankruptcy Court, this Agreement constitutes a valid and legally binding agreement of such Party, enforceable against such Party in accordance with its terms.

   b. *Authority*. In entering into this Agreement, each person executing and delivering this Agreement on behalf of a Party is duly authorized to do so and that the execution and delivery of this Agreement are lawful and voluntary acts of that Party.

   c. *No Violation*. The execution, delivery, and performance of this Agreement do not and will not (i) violate any law, regulation, or court order to which such Party is subject or (ii) require the approval of any person, board, or governmental entity which has not previously been obtained.

   d. *Independent Investigation, Advice of Counsel*. Each Party has: (i) read and understood this Agreement and agrees to all of its terms and conditions; (ii) independently evaluated the desirability of entering into this Agreement and in doing so is not relying on any representation, guarantee, or statement other than as set forth herein; and (iii) sought the advice of its own legal counsel regarding its rights and obligations set forth in this Agreement and has negotiated this Agreement through its legal counsel.

4. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter hereof, that the provisions hereof comprise a single integrated agreement that supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, as to the subject matter hereof; *provided, however,* that the Approval Order shall supersede this Agreement to the extent inconsistent.

5. Assignees; Successors. This Agreement is and shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

6. Captions. The captions of this Agreement are for convenience only and are not part of this Agreement and do not in any way limit or amplify the terms and provisions of this Agreement and shall have no effect on its interpretation.

7. Further Assurances. The Parties agree that they will cooperate with each other in good faith in respect of matters concerning the implemental and consummation of this Agreement.

8. Counterparts. This Agreement may be executed in two or more counterparts, in which case this Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument. The parties agree that this Agreement may be executed by means of an electronic signature.

9. Costs. Each of the Parties shall bear and be responsible for any and all of its own expenses (including professional fees) associated with the negotiation of this Agreement and the matters resolved hereby.

10. Neutral Interpretation. This Agreement is the product of negotiations between the Parties and enforcement will be interpreted in a neutral manner and not more strongly for or against any Party based upon the source of draftsmanship.

11. Jurisdiction and Venue. This Agreement is executed and delivered as an incident to a transaction negotiated, consummated, and performable in Harris County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas. Any action or proceeding in connection with this Agreement may, and in the case of a proceeding against the Trustee, shall, be brought in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, and each Party hereto hereby irrevocably submits to the jurisdiction of the Bankruptcy Court, and waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court.

*[Signature Page Follows]*

**AGREED TO BY:**

WILLIAMS INDUSTRIAL SERVICES
GROUP, INC.

_____ Date: 6/1/21
Name: RANDALL LAY
Title: CFO

RODNEY D. TOW

_____ Date: 5/26/21
Chapter 7 Trustee of Koontz-Wagner
Custom Controls Holdings, Inc.

WILLIAMS INDUSTRIAL SERVICES
GROUP, LLC

_____ Date: 6/1/21
Name: RANDALL LAY
Title: CFO

4

# EXHIBIT A

## AGREED FORM OF APPROVAL ORDER

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>**KOONTZ-WAGNER CUSTOM CONTROL HOLDINGS LLC,**<br><br>Debtor. | Case No. 18-33815<br><br>(Chapter 7) |

**ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CLAIM NO. 98 FILED BY INDUSTRIAL CONNECTIONS AND SOLUTIONS, LLC**

Relating to ECF No. _____ and Claim Nos. 101 and 102

The Court, having considered the *Trustee's Motion to Compromise Claim No. 101 Filed by Williams Industrial Services Group Inc. and Claim No. 102 Filed by Williams Industrial Services Group LLC* (the "Motion"),[1] any responses to the Motion, the statements of counsel, and the record in this case, finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (e) good and sufficient cause exists to grant the relief requested. Therefore, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement between the Trustee on one hand and Williams Industrial Services Group Inc. ("Williams Inc.") and Williams Industrial Services Group LLC ("Williams LLC," and together with Williams Inc., "Williams") attached to the Motion is approved.

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2. Williams Inc.'s Claim No. 101 is hereby finally allowed in the amount of $7,704,132.83 and otherwise disallowed.

3. Williams LLC's Claim No. 102 is hereby finally allowed in the Amount of $295,867.17 and otherwise disallowed.

4. The Trustee, the Debtor, and the Debtor's bankruptcy estate are hereby deemed to have released Williams Inc., Williams LLC, and each of their successors, representatives, assigns, agents, attorneys, and affiliates, and each of the preceding entities' respective employees, agents, officers, directors, and shareholders, from any and all claims, causes of action, or other rights to payment under law or equity existing as of the date of the Settlement Agreement.

5. The Trustee and Williams are authorized to execute any and all documentation necessary to carry out the provisions of this Order or the Settlement Agreement.

6. This Court shall retain exclusive jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: _____, 2021

_____
**UNITED STATES BANKRUPTCY JUDGE**