# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | | |
|---|---|---|---|
| IN RE: | § | | |
| | § | | |
| KOONTZ-WAGNER CUSTOM | § | CASE NO. 18-33815 | |
| CONTROL HOLDINGS, LLC. | § | (Chapter 7) | |
|    Debtor | § | JUDGE ISGUR | |

## TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

Rodney Tow, Trustee, files this Motion to Compomise with United Coatings Technolgies, Inc., and in support thereof would show this Court as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(0).

2. Venue in the Southern District of Texas, Houston Division is proper pursuant to 28 U.S.C. §1401.

### Applicable Bankruptcy Rule

3. Pursuant to Bankruptcy Rule 9019, the Trustee seeks an Order authorizing the Trustee to enter a compromise and settlement with United Coatings Technolgies, Inc.

Trustee's Motion to Compromise Controversy          Page 1

**Relevant Factual Background**

4. On July 11, 2018 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. Rodney Tow was duly elected Chapter 7 Trustee, qualified, and continues to act in that capacity.

6. On July 6, 2020, the Trustee filed his Trustee's Original Complaint (the "Complaint") to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§547 and 550, and for Other Relief against United Coatings Technologies, Inc., ("Defendant") in Adversary Proceeding No. 20-03255.

7. The Summons and Complaint were mailed out to the Defendant on July 14, 2020.

8. The Defendant's answer date to the Complaint has been extended by Court Order to October 13, 2020.

**Terms of the Settlement Agreement**

9. In the Complaint the Trustee is demanding the return of $265,310.59 in preference payments paid to the Defendant by the Debtor within the 90 days prior to the Petition Date.

10. Counsel for the Defendant provided proof of new value provided to the Debtor in the amount of $205,410.99 as an offset of the preference payments, leaving a balance of $59,899.60 owed to the Estate.

11. After negotiations, the Trustee has agreed, with this Court's approval, to settle this matter for the receipt of $15,000.00 from the Defendant, a 25% recovery. Defendant provided to the Trustee information regarding the small business nature of the Defendant and the impact the COVID-19 pandemic has had on that business. The Trustee, in his business

judgment, believes that givng a 75% discount to the Defendant is prudent to have this matter settled without protracted litigation. The Trustee understands that a judgment for the full amount of the preference payments would render the Defendant insolvent and potentially forced to file its own Chapter 7 Proceeding.

12. The Trustee has further agreed to allow satisfaction of payment in the form of three separate installments of $5,000.00 to paid by Defendant to the Trustee on or before the expiration of six months from the date of the Court's approval of this compromise.

## Arguments & Authorities

13. The Trustee has exercised his business judgment in determining to enter into this Compromise. The Compromise provides the estate a net recovery which is greater than any net recovery the Debtor's estate could realize in litigation while saving litigation costs, litigation risks, and the delay of collection that would be required to litigate with the Defendant. It also precludes the Defendant from filing its own Chapter 7 Bankruptcy as a judgment equal to the remaining preference balance would render the Defendant insolvent.

14. The standard for the approval of the Compromise is well settled. To meet the requirement for the Court's approval of a settlement under Bankruptcy Rule 9019, the Compromise must be in the "best interest of the Debtor's estate." See *In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

15. Moreover, approval of any settlement is within the sound discretion of the Court. The burden of establishing the fairness of the Compromise rests on the proponents of any compromise. However, the Trustee is not required to present a full mini-trial or

evidentiary hearing to adjudicate the issues being settled. When determining whether to approve the Compromise, this Court "is not to decide the numerous questions of law and fact raised" by the Compromise, but instead is "to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." See e.g., *In re W.T. Grant, Co.*, 699 F.2d 599, 608 (2d Cir.1983), cert.denied, *Cosoff v. Rodman*, 464 U.S. 822 (1983).

16. The United States Supreme Court has dictated the following factors for the Court to weigh in determining the reasonableness of any compromise or settlement:

   a. The probabilities of ultimate success should the claim be litigated;

   b. An educated estimate of (i) the complexity, expense, and likely duration of the litigation, (ii) possible difficulties of collecting on any judgment that might be obtained; and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise; and,

   c. The comparison of the terms of the settlement and compromise with the likely rewards of litigation.

*Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. And*erson, 390 U.S. 414, 424-25 (1968).

17. The Trustee believes that he would be successful in the litigation. The Defendant clearly received the preferential payments within the meaning of 11 U.S.C. §547(b) and also is entitled to offset the amount of new value the Debtor received during that period pursuant to 11 U.S.C. §547(c).

18. This Compromise brings the estate $15,000.00 of a possible $59,899.60 without the risks, costs, and delay of litigation.

19. Litigation would entail significant expense in trial preparation and prosecution and would not guarantee success. The Compromise guarantees success.

20. When considering the risks as compared to the potential rewards, the Compromise is by far the best decision for the estate as it resolves all of the issues in Adversary No. 20-03255.

21. Based on the information provided in this Motion, the Trustee and United Coatings Technologies, Inc. respectfully request this Court to approve the Compromise as set forth in this Motion.

**WHEREFORE, PREMISES CONSIDERED**, Rodney Tow, Trustee, prays that this Court enter an order approving the Motion to Compromise, and for such other and further relief, at law and in equity, as this Court deems just.

Dated: October 6, 2020

Respectfully submitted,

COOPER & SCULLY, P.C.

*/s/Julie M. Koenig*
Julie M. Koenig
SBA# 14217300
815 Walker, Suite 1040
Houston, Texas 77002
713/236-6800
Julie.Koenig@cooperscully.com

*Special Counsel for Rodney D. Tow, Chapter 7 Trustee for Koontz-Wagner Custom Control Holdings LLC*

**Certficate of Sevice**

      I hereby certify that on October 6, 2020, a true and correct copy of the foregoing has been served on (i) all parties registered to receive ECF notification in the above captioned case, (ii) by first class mail on all parties on the Second Revised Limited Mailing List [ECF No. 198] via certificateofservice.com; and (iii) the following parties by first class mail or email:

United Coatings Technologies, Inc.
c/o John Sample
909 Fannin Street, 37th Floor
Houston, Texas 77010
John.Sample@diamondmccarthy.com

United Coatings Technologies, Inc.
c/o Mark Huffer
60866 Whispering Hills Dr.
South Bend, IN 46614

                                                                                           By: */s/  Julie M. Koenig*
                                                                                               Julie M. Koenig

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| KOONTZ-WAGNER CUSTOM | § | CASE NO. 18-33815 |
| CONTROL HOLDINGS, LLC. | § | (Chapter 7) |
|     Debtor | § | JUDGE ISGUR |

### ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY
### [Refers to Docket No. ___]

Came on for consideration the Trustee's Motion to Compromise Controversy with United Coatings Technologies, Inc. (the "Motion"). No response in opposition to the Motion has been filed and the time for filing same has passed. The Court has considered the Motion and has determined that the relief sought therein should be granted. It is therefore,

**Ordered** that the Trustee's Motion to Compromise Controversy with United Coatings Technologies, Inc. is hereby approved. It is further,

**Ordered** that United Coatings Technologies, Inc. shall pay the sum of $15,000.00 to the Estate within six months after entry of this Order in full satisfaction of all claims and causes of action in Adversary Proceeding No. 20-03255; it is further,

**Ordered** that this Compromise satisfies all outstanding issues in Adversary Proceeding No. 20-03255 and all relief not granted herein is denied. It is further,

**Ordered** that the Trustee is authorized to sign any and all documentation necessary to carry out the provisions of this Order.

**Signed** this ___ day of _____ 2020.

                                                  _____
                                                **MARVIN ISGUR,**
                                                **UNITED STATES BANKRUPTCY JUDGE**